UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-cv-133-RJC

| | |
|---|---|
| PHILLIP M. PROPST, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JUDY BRANDON, Administrator, )<br>Caswell Correctional Center, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on a second or successive petition filed by Petitioner for habeas relief under 28 U.S.C. § 2254. (Doc. Nos. 1; 8). For the reasons that follow, Respondent's motion to dismiss, (Doc. No. 4), will be granted and Petitioner's second or successive petition will be dismissed.

**I.    BACKGROUND**

Petitioner is in the custody of the North Carolina Department of Corrections for the rest of his natural life following conviction on September 23, 1992. Petitioner was convicted in Catawba County Superior Court of first-degree burglary and sentenced to life in prison in Case Nos. 92-CRS-1708 and 92-CRS-2843. (Doc. No. 1 at 1). Petitioner noticed a timely appeal to the North Carolina Court of Appeals and his conviction and sentence were affirmed by unanimous decision filed on May 4, 1993. (Doc. No. 5-2). Petitioner was represented at his trial and on appeal by Robert C. Powell. Petitioner did not file a petition for writ of certiorari with the Supreme Court of North Carolina from the May 4th decision.

On December 29, 1995, Petitioner filed his first petition under Section 2254 in the United

States District Court for the Western District of North Carolina challenging his first-degree burglary conviction and resulting sentence. (Doc. No. 5-3 at 2: Docket Sheet for 5:95-cv-151-GCM). On March 13, 1996, United States District Judge Graham Mullen entered an Order dismissing Petitioner's Section 2254 claims as frivolous and Petitioner noted an appeal. (Id. at 3). On January 9, 1997, in an unpublished opinion the Fourth Circuit denied Petitioner a certificate of appealability and affirmed dismissal of Petitioner's Section 2254 action based on the reasons stated by Judge Mullen in his March 13, 1996 Order. (Doc. 5-3 at 4). On March 17, 1997, the Fourth Circuit denied Petitioner's petition for rehearing. (Id.). On October 6, 1997, the United States Supreme Court denied certiorari. (Doc. No. 5-5 at 2).

On November 26, 2001, the Fourth Circuit entered an order for Petitioner to show cause why the Court should not sanction him for filing frivolous Section 2244 motions, and why Petitioner should not be enjoined from filing further actions with the Court. Petitioner responded and on January 18, 2002, the Court entered an Order finding that Petitioner should be enjoined "from filing any further civil appeals or Section 2244 motions for authorization in this Court unless a district judge certifies that the appeal or motion is not frivolous." (Doc. No. 5-6 at 2).

On September 17, 2009, Petitioner filed a motion for appropriate relief ("MAR") with the Catawba County Clerk of Superior. (Doc. No. 5-9 at 2). In his MAR, Petitioner again challenged his conviction and sentence for first-degree burglary and asserted the following claims for relief: (1) Petitioner's rights under the United States Constitution and North Carolina Constitution were violated during his arrest because there was no outstanding warrant for his arrest on a pending cocaine charge; (2) Petitioner's trial was not a public proceeding because the trial court would not permit the public to be present in open court to witness the court's prejudice; (3) Petitioner was found guilty by an all-white jury which was seated after the systematic exclusion of

minorities by the trial court; (4) the trial court accepted unsworn aggravating facts of prior convictions which were not presented to the jury; (5) Petitioner received ineffective assistance from his trial counsel for, among other reasons, lack of proper trial preparation, and failure to challenge the State's presentation of the evidence; (6) Petitioner received ineffective assistance of appellant counsel, who also served as his trial counsel, because appellant counsel did not contest his own alleged ineffectiveness before the North Carolina Court of Appeals and thus he proceeded to represent Petitioner on appeal while laboring under a conflict of interest. The result, as Petitioner contends, is that appellant counsel failed to raise the first four issues which Petitioner presented in his MAR; (7) the assistant district attorney committed prosecutorial misconduct by presenting false accusations; (8) the trial court abused its discretion by closing the trial to the public and allowing the systematic exclusion of minorities from the jury; (9) the North Carolina Department of Corrections, and the 92-CRS-1708 charge of first-degree burglary are <u>Ex Post Facto</u> violations of the United States and North Carolina Constitutions; and (10) there has been a substantial change in North Carolina law and the changes are retroactively applicable to Petitioner's sentence. (Doc. Nos. 5-7 at 5-34; 5-8 at 5-6). Petitioner also included a motion for discovery with his MAR and therein sought evidence and documents which he maintained were necessary for him to properly present his MAR. (Doc. No. 5-8 at 14-16).

On September 28, 2009, Petitioner's MAR came on for hearing before Senior Resident Superior Court Judge Timothy Kincaid and the court found that the MAR did not state grounds that entitled Petitioner to any relief, that matters complained of by Petitioner "were matters that could have and should have been raised prior to the execution of the transcript of plea," and the court concluded as a matter of law "that the motion does not state any grounds for which relief may be granted. The motion is without merit; and therefore, should be denied and dismissed."

3

(Doc. No. 5-9 at 2). On January 27, 2010, Petitioner filed a petition for a writ of certiorari with the North Carolina Court of Appeals and re-alleged Grounds 1-10 from his MAR, and stated that the MAR court did not address Grounds 8-10. Petitioner also included his motion for discovery. (Doc. No. 5-10 at 3-4; Doc. No. 5-11 at 22-24). On February 11, 2010, Respondent filed a response to Petitioner' writ of certiorari contending most of Petitioner's claims had already been decided by the North Carolina Court of Appeals on Petitioner's direct appeal from the trial court's judgment, and that the other claims could have been raised on direct appeal but they were not. As a consequence, Respondent argued that those claims not raised earlier were procedurally defaulted, or if not so defaulted, then the claims were without merit. (Doc. No. 5-12 at 6). The North Carolina Court of Appeals denied Petitioner's petition for writ of certiorari on February 16, 2010. (Doc. No. 5-13 at 2).

On October 6, 2010, Petitioner filed another discovery motion in connection with his challenge to his conviction in 92-CRS-1708 with Catawba County Clerk of Superior Court. Petitioner moved the Court to order the production of discovery materials which he maintained would support the grounds for relief he alleged in his MAR. As noted herein, the discovery materials Petitioner sought largely consisted of evidence and information which would have been presented against him at trial and information such as his trial counsel's case file and a trial transcript. (Doc. No. 5-14). On November 1, 2010, Petitioner's discovery motion, which the MAR court treated as a second MAR, was denied by Judge Kincaid. The court found that Petitioner had filed a previous MAR which raised "basically the same or similar matter, which have been ruled upon" and that "the motion does not state any grounds that entitle [Petitioner] to any relief." (Doc. No. 5-15, at 2). The Court concluded as a matter of law that Petitioner's motion did not state any claim for which relief may be granted, and that the motion was without

4

merit and should be denied and dismissed. (Id.). On January 27, 2011, Petitioner filed another petition for writ of certiorari with the North Carolina Court of Appeals. (Doc. Nos. 5-16; 5-17). In this petition, Petitioner raised essentially the same claims as he raised in his first MAR and in his first petition to the North Carolina Court of Appeals. On February 15, 2011, the Court of Appeals again denied his petition for writ of certiorari. (Doc. No. 5-19). On April 27, 2011, Petitioner next filed a petition with the Supreme Court of North Carolina seeking a writ of certiorari. (Doc. Nos. 5-20; 5-21). This petition was dismissed by Order of the Court on June 15, 2011. (Doc. No. 5-22).

Three months later, on September 20, 2011, Petitioner filed the present petition under 28 U.S.C. § 2254. (Doc. No. 1). Respondent filed an answer and a memorandum in support of its motion to dismiss, (Doc. Nos. 3, 4), and Petitioner filed what he denominated as an "Amended Petition" on February 13, 2012. (Doc. No. 8). Respondent filed a response opposing the Amended Petition contending that the allegations were not materially different from "the endless stream of unsupported, conclusory per se assertions already set forth in Petitioner's originally filed petition." (Doc. No. 9 at 1).

## II.  STANDARD OF REVIEW

According to the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, a second or successive petition may not be considered by the district court unless and until a petitioner obtains authorization from a three-judge panel of the court of appeals to file the second or successive Section 2254 petition.

28 U.S.C. § 2244(b)(3): Finality of Determination, provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

## III. DISCUSSION

Petitioner asks this Court to again address the merits of his Section 2254 petition. As is plain from Section 2244, the district court is not permitted to delve into the merits of a second or successive petition unless the petitioner first secures express authorization from the appropriate court of appeals, in this case, the Fourth Circuit Court of Appeals. Petitioner has failed to show this Court that he has obtained the necessary authorization. Accordingly, this second or successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place.").

As noted above, this petition represents Petitioner's second or successive filing of a Section 2254 habeas petition in the United States District Court for the Western District of North Carolina. In both the first and present petition, Petitioner attempts to attack his underlying State conviction in 92-CRS-1708 on several grounds which have already been adjudicated either at trial in superior court, on direct appeal to the North Carolina Court of Appeal, and through two MAR's, two petitions for writ of certiorari to the North Carolina Court of Appeals and one petition for writ of certiorari to the Supreme Court of North Carolina. All of Petitioner's attempts to attack his underlying state conviction and sentence have raised the same or substantially the same issues and all attempts have failed–whether Petitioner's grounds were deemed procedurally barred or whether his grounds for relief were adjudicated on the merits. Judge Mullen dismissed Petitioner's first Section 2254 petition as frivolous. The Fourth Circuit upheld this determination

6

in its entirety on appeal. (Doc. No. 5-2). Petitioner's second habeas petition, (Doc. Nos. 1; 8), is dismissed because he failed to obtain the necessary authorization from the Fourth Circuit Court of Appeals.

### III.  CONCLUSION

For the reasons stated herein, Petitioner's second or successive petitions must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's second or successive petition, (Doc. Nos. 1; 8), is **DISMISSED**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: April 13, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

7

Case 5:11-cv-00133-RJC   Document 11   Filed 04/13/12   Page 7 of 7